Weight, J.,
delivered the opinion of the Court.
The Chancellor dismissed the bill and amended bill upon demurrer.
This decree is erroneous.. The act of 1843, ch. 29, sec. 1, provides (among other things) that in all cases where a debtor shall be absconding or concealing himself, or his property or effects, it shall be lawful for the creditor to obtain an attachment against the property, debts, choses in action, and effects of such debtor, in the same manner as such process may be obtained against absconding or non-resident debtors under the different statutes now in force in this State. In the ease of Isaacks and wife v. Edwards, 7 Hum., 466, it was held, that this act of Assembly conferred upon the Chancery Court jurisdiction for the recovery of demands purely legal in attachment cases, and that no previous suit or judgment on the part of the creditor was necessary.
This embraces the present case. The amended bill, if the original does not, alleges that the defendant, B. G-. Beadle, is concealing his property and effects, and was concealing the same at the time of filing the original bill.
But it is said the amended bill contains no prayer for an attachment. This was unnecessary. The original bill did, and the amended bill incorporated itself with, and become a part of it. Moreover, we think, the original bill itself made a proper case for an attachment *513 under the act of 1852, ch. 365, sec. 10, if it did not under the act of 1843.
Under that statute it was not necessary for the creditor to come into Chancery ■ with a judgment at law, and an execution with a return of no property. He was authorized to file a bill in all cases where a conveyance is made by a debtor, of. property, either real, personal or mixed, of any description, to which the title was legal or equitable, for the purpose of hindering, delaying, or defrauding his creditors..
It is argued here, that the word conveyance used in the statute, does not comprehend the fraudulent assignment of a chose in action. We think it does. It is true, that in its more restricted sense it is often limited to conveyances of what is strictly termed property; but, in its more enlarged meaning it embraces assignments of claims, and every species of choses in action. Here the words of the act are very comprehensive, and statutes mads to suppress fraud are to be liberally expounded.
Again, it is argued that the notes on Delany, whether made payable to B. G. Beadle, the debtor, and by him. assigned to his wife, D. C. Beadle, 'or made payable to her directly, would, as between them, they being husband and wife, be a mere nullity, and leave the title to the notes still in the husband, and that such an assignment could not be considered as standing in the way of creditors within the meaning of the act of 1852.
If we were to concede this, to be so, (1 Bac. Ab. Baron and Fame D., 705; McNeilage v. Halloway, 1 Bora. and A., 218,) still the bill and amended bill go further. They allege that the defendant, B. G. Beadle, had made, or caused his wife to make, a fraudulent *514 assignment and deposit of these notes with the defendant Payne, to hinder and delay his creditors.
The decree will be reversed, and the cause remanded for an answer.